UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| FELIX ORIAKHI, | : |  |
|---|---|---|
| Petitioner, | : | Civ. No. 16-8651 (KM) |
| v. | : |  |
| CHARLES GREEN, | : | OPINION |
| Respondent. | : |  |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Felix Oriakhi, is an immigration detainee who is currently lodged at the Hudson County Correctional Facility in Kearny, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued immigration detention. For the following reasons, the habeas petition will be denied without prejudice.

## II. BACKGROUND

Mr. Oriakhi is a native and citizen of Nigeria. He entered the United States in 1980. Thereafter, Mr. Oriakhi was convicted in Maryland of conspiracy to distribute heroin, and received a 360-month prison sentence. On March 13, 2003, as Mr. Oriakhi was serving his criminal sentence, a final order of removal was entered against him in immigration proceedings. Upon his release from custody on his criminal sentence, on May 4, 2016, Mr. Oriakhi was placed into immigration detention.

In November 2016, Mr. Oriakhi filed this habeas petition. Mr. Oriakhi argues that the amount of time he has spent in immigration detention is excessive under the standards of

*Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondent has filed a response in opposition to the habeas petition. Thereafter, Mr. Oriakhi filed a reply in support of his habeas petition, as well as motion to subpoena medical records. The matter is fully briefed and ripe for decision.

### III. DISCUSSION

Title 8 of the United States Code Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1. Section 1231(a)(2) requires that the alien be detained during the ninety-day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1182 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief" *Alexander v. Attorney Gen. United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

Mr. Oriakhi has been in post-removal immigration detention for over eleven months. That period of time in and of itself does not compel federal habeas relief. Immigration and Customs Enforcement ("ICE") states that in September 2016, it contacted the Nigerian Embassy seeking travel documents necessary for the removal of seventeen persons, including Mr. Oriakhi.

(*See* Dkt. No. 12-1 at p.3) Since that time, the Nigerian Embassy has issued travel documents for two of those seventeen individuals, 2016. (*See id.*) ICE followed up regarding the remaining cases, and received answers of "status pending" or "interviews to be conducted." (*See id.*) ICE explains that it is continuing to work with the Nigerian Embassy to secure travel documents and expects Nigeria to "issue [Mr. Oriakhi] a travel document in the reasonably foreseeable future." (*See id.*)

In light of these representations, I cannot find that Mr. Oriakhi's post-removal immigration detention for slightly more than eleven months violates *Zadvydas*. Mr. Oriakhi has not produced evidence that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future (for example, evidence showing that Nigeria has declined to accept deportees). Other courts have determined that similar periods of post-removal immigration detention do not yet merit granting habeas relief under *Zadvydas*, at least where, as here, proceedings are underway and it appears that they are being pursued in good faith. *See, e.g., Aliaga v. Hendricks*, No. 14-0633, 2014 WL 2002428, at *3 (D.N.J. May 15, 2014) (ten-and-one half months); *Pierre v. Dep't of Homeland Sec.*, No. 12-1869, 2013 WL 5570822, at *1 (M.D. Pa. Oct. 9, 2013) (eleven months); *Moulton v. Sabol*, No. 12-0922, 2012 WL 6012133, at *8 (M.D. Pa. Aug. 6, 2012) (noting that petitioner is not automatically entitled to be released despite being in post-removal order detention for ten months where he failed to provide any evidence that Liberia denied him as a citizen or that Liberia will refuse to issue the appropriate travel documentation for him in the reasonably foreseeable future), *report and recommendation adopted by* 2012 WL 6012799 (M.D. Pa. Dec. 3, 2012).

Mr. Oriakhi asserts that his medical conditions, which include severe glaucoma and high blood pressure, will preclude or hamper the ability of the United States to remove him. He

4

suggests that Nigeria will not accept him and, in his reply brief, cites *Rajigah v. Conway*, 268 F. Supp. 2d 159 (E.D.N.Y. 2003).

In *Rajigah*, the petitioner was facing removal to Guyana. However, the Guyanese Ambassador told ICE that the Minister of Home Affairs had advised him that Mr. Rajigah suffered from a particular eye disease for which there was no adequate treatment available in Guyana. Accordingly, it was the view of the Minister of Home Affairs view that a travel document should not be issued to Mr. Rajigah. *See id.* at 161-62. Here, by contrast, Mr. Oriakhi provides no evidence that Nigeria has expressed the view that he will not be issued a travel document.

Mr. Oriakhi also alludes to an incident from June, 2016, shortly after he was placed into immigration detention. He was then flown to Florida for the purpose being placed on a chartered flight to Nigeria, but was not ultimately placed on the flight. At that time, however, there had not yet been any communication between ICE and the Nigerian Embassy regarding issuance of a travel document. I therefore do not interpret this incident as evidence that such a travel document will not be forthcoming.

I am mindful that Mr. Oriakhi's immigration detention is quickly approaching one year, and that the longer an alien is detained, the less proof he must put forward to obtain relief. *See Alexander*, 495 F. App'x 276-77 (citing *Zadvydas*, 533 U.S. at 701). I am particularly troubled by the apparently slow pace at which Nigeria is issuing travel documents for immigration detainees: at present, just two of seventeen requested in September 2016. (*See* Dkt. No. 12-1 at p.3)

Accordingly, if I do not see some evidence that such a travel document is forthcoming within forty-five days, Mr. Oriakhi may by filing a simple motion obtain reopening of this case

5

and reconsideration of this decision. *Accord Aliaga*, 2014 WL 2002428, at *3. Any such motion may include further evidence to show that removal will not occur in the reasonably foreseeable future. I do not require such additional evidence, however; ICE's showing thus far has been sufficient, but minimal, and its persuasiveness will necessarily diminish as time passes.

### IV. MOTION TO SUBPOENA MEDICAL RECORDS

Mr. Oriahki has also filed a motion to subpoena medical records. (*See* Dkt. No. 18) He requests that his medical records from an eye exam conducted on February 27, 2017 be sent to this Court. This Court need not analyze this motion on the merits. As indicated above, I accepted for purposes of argument that Mr. Oriakhi has an eye condition, but nevertheless found that he is not entitled to habeas relief at this time. The motion to subpoena medical records will be denied as moot.

### V. CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice to a reapplication in forty-five days. Mr. Oriakhi's motion to subpoena medical records will be denied. An appropriate order will be entered.

DATED: April 10, 2017

KEVIN MCNULTY
United States District Judge