UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FELIX ORIAKHI,

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civ. No. 16-8651 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Felix Oriakhi is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention. On April 10, 2017, this Court denied the habeas petition without prejudice. Mr. Oriakhi was given the opportunity to reopen this action within forty-five days if he was still in immigration detention. On May 30, 2017, this Court received Mr. Oriakhi's motion to reopen and for reconsideration. (*See* Dkt. No. 22) This matter was then reopened. (*See* Dkt. No. 23) It appears, however, that as of June 16, 2017, Mr. Oriakhi was no longer an immigration detainee. For the following reasons, the motion for reconsideration will be denied as moot.

## II. BACKGROUND

Mr. Oriakhi is a native and citizen of Nigeria. He entered the United States in 1980. Thereafter, Mr. Oriakhi was convicted in Maryland of conspiracy to distribute heroin, and received a 360-month prison sentence. On March 13, 2013, as Mr. Oriakhi was serving his criminal sentence, a final order of removal was entered against him in immigration proceedings.

Upon his release from custody on his criminal sentence, on May 4, 2016, Mr. Oriakhi was placed into immigration detention.

Mr. Oriakhi filed a habeas petition in this Court in November, 2016. He argued that the amount of time he had spent in immigration detention was excessive under the standards of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

On April 10, 2017, this Court denied Mr. Oriakhi's habeas petition without prejudice. (*See* Dkt. Nos. 20 & 21) At that time, I noted that Mr. Oriakhi had been in post-removal immigration detention for over eleven months. That period of time in and of itself did not compel federal habeas relief, and Mr. Oriakhi had not then produced evidence that there was no reasonable likelihood of his actual removal in the reasonably foreseeable future. Nevertheless, I was mindful that Mr. Oriakhi's post-removal immigration detention was quickly approaching one year and that the longer an alien is detained, the less proof he must put forward to obtain relief. *See Alexander v. Attorney Gen. United States*, 495 F. App'x 274, 276-77 (3d Cir. 20120 (citing *Zadvydas*, 533 U.S. at 701). Accordingly, Mr. Oriakhi was given the opportunity to reopen this case after forty-five days if he remained in immigration detention.

On May 30, 2017, still in immigration detention, Mr. Oriakhi filed a motion to reopen his case and for reconsideration of the Court's earlier ruling denying relief. I reopened the matter and ordered the respondent to file a response. That response (Dkt. No. 24), filed June 19, 2017, states that Mr. Oriakhi was ordered to be released from immigration detention following a determination that it was unlikely that he would be removed in the reasonably foreseeable future. (*See id.* at p.1) Accordingly, on June 16, 2017, Mr. Oriakhi was released from immigration detention under an order of supervision. (*See id.* at p.5-10) On June 28, 2017, this Court received

a notice of change of address from Mr. Oriakhi, which indicates that he is now residing in New York.

## III. DISCUSSION

As a general matter, in *Zadvydas*, 533 U.S. 678, the United States Supreme Court held that § 1231(a)(6)[1] "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief" *Alexander*, 495 F. App'x at 276-77 (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

Mr. Oriakhi is no longer in immigration detention. Thus, he has received the relief he seeks. There is no reason to think that he will be placed in immigration detention again unless he violates the conditions of his supervision, a speculative state of affairs and one within Mr.

---

[1] Section 1231(a)(6) states as follows:

> An alien ordered removed who is inadmissible under Section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period, and if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

3

Oriakhi's control. Accordingly, there is no basis to grant him habeas relief as his habeas petition seeking his release from immigration detention is moot because "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted); *see also Dubois v. Hendricks*, No. 14-3861, 2014 WL 4105482, at *3 (D.N.J. Aug. 18, 2014) (dismissing habeas petition raising *Zadvydas* claim as moot where petitioner was released from immigration detention pursuant to an order of supervision); *Rojas v. Lowe*, No. 13-0871, 2013 WL 5876851, at *3 (M.D.Pa. Oct. 30, 2013) (same). Accordingly, Mr. Oriakhi's motion for reconsideration will be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the motion for reconsideration will be denied as moot and the matter will be closed. An appropriate order will be entered.

DATED: July 7, 2017

KEVIN MCNULTY
United States District Judge

4