**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FELIX ORIAKHI, | |
| Petitioner, | Civ. No. 16-8651 (KM) |
| v. | |
| CHARLES GREEN, | **MEMORANDUM OPINION** |
| Respondent. | |

Petitioner, Felix Oriakhi, was an immigration detainee when he filed a habeas petition under 28 U.S.C. § 2241 on November 21, 2016. The Court denied his habeas petition without prejudice on April 10, 2017, and, on May 30, 2017, the Court denied a motion by Mr. Oriakhi for reconsideration. Presently before the Court is another motion to reopen the case and for reconsideration (ECF No. 28), and a motion seeking invalidation of Mr. Oriakhi's Nigerian travel documents (ECF No. 31). For the following reasons, these motions are denied as moot.

Mr. Oriakhi, a native and citizen of Nigeria, entered the United States in 1980 and was subsequently convicted of conspiracy to distribute heroin, receiving a 360-month prison sentence. In March 2013, while Mr. Oriakhi was still serving his criminal sentence, a final order of removal was entered against him, and he was taken into immigration custody upon his release from prison, on May 4, 2016.

Mr. Oriakhi filed a habeas petition in this Court in November, 2016, arguing that the length of his immigration detention was excessive under *Zadvydas v. Davis*, 533 U.S. 678 (2001). On April 10, 2017, I denied Mr. Oriakhi's habeas petition without prejudice, but gave him the opportunity to reopen this case if he remained in immigration detention after an additional forty-five days. (ECF Nos. 20 & 21.) On May 30, 2017, Mr. Oriakhi filed a motion to

reopen and for reconsideration, as he was still detained. (ECF No. 22.) The case was reopened, but ultimately I denied that motion as moot, as Mr. Oriakhi was released from custody on June 16, 2017, after the government determined that it was unlikely he would be removed in the reasonably foreseeable future. (*See* ECF Nos. 26–27.)

Mr. Oriakhi was apparently taken back into immigration custody in early July 2017 after the government obtained Nigerian travel documents for him. Thus, on July 18, 2017, Mr. Oriakhi filed another motion to reopen and for reconsideration of the denial of his habeas petition. (ECF No. 28.) Respondent opposed the motion asserting that the renewed detention of Mr. Oriakhi was proper. (ECF No. 30.)

Shortly after filing his motion for reconsideration, Mr. Oriakhi filed a motion to invalidate his travel documents on the basis that they bore no date of issuance and had expired. (ECF No. 31). Respondent opposed this motion, noting that a stay of removal from the Court of Appeals for the Ninth Circuit had reverted Mr. Oriakhi's detention to pre-removal status, and it indicated that Mr. Oriakhi would have been removed to Nigeria on August 29, 2017 were it not for the stay. (ECF No. 37.)

On March 13, 2018, respondent filed a letter stating that Mr. Oriakhi was removed to Nigeria on February 27, 2018. (ECF No. 52.) That being the case, Mr. Oriakhi's pending motions challenging his detention and any associated applications to the court have become moot. *See Lindaastuty v. Att'y Gen. of U.S.*, 186 F. App'x 294, 298 (3d Cir. 2006); *Tjandra v. Ashcroft*, 110 F. App'x 290, 290 (3d Cir. 2004). Accordingly, there is no basis to reopen this proceeding, reconsider the prior denial of his habeas petition, or address the motion seeking invalidation of foreign travel documents.

## CONCLUSION

The motion to reopen the case and for reconsideration (ECF No. 28) and the motion to invalidate emergency travel certificate (ECF No. 31) are denied as moot. The case shall remain dismissed, and the clerk shall close the file.

KEVIN MCNULTY
United States District Judge